Guidry, J.,
dissents and assigns reasons.
hi respectfully dissent because in my view the record shows by clear and convincing evidence that Respondent committed ethical misconduct in accepting multiple supplemental benefits in violation of La..Rev. Stat. 13:691A and B(3). The sheer number of policies he accepted, along with their high cost, some with cash surrender values, and others with duplicative coverages, should have put Respondent on notice to investigate the propriety of the court’s supplemental benefits program. Despite Respondent’s reliance on the actions of other members of his court, as well as the complicated history of the supplemental benefits program, Respondent could have and should have discovered for himself that the language of the statute is clear that life insurance, especially those with a cash surrender value, and the reimbursement program known-as Exec-U-Care were not permissible expenditures of the Orleans Criminal District Court Judicial Expense Fund. Thus, Respondent failed to maintain professional competence in the judicial administration of his court in violation of the Code of Judicial Conduct, Canon 3B(1) and violated La. Const, art. V, Sect. 25(C), because he engaged in persistent and' public conduct prejudicial to the administration of justice that brought his judicial office into disrepute. I would accept the Commission’s recommendation and impose a public censuré on Respondent for his misconduct.
CLARK, J., concurs in the result.